```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MARK TESSIER,

                        Plaintiff,          08-CV-0779-C

            v.                              **DECISION**
                                            **and ORDER**
MICHAEL J. ASTRUE, Commissioner
of Social Security

                        Defendant.
_____
```

**INTRODUCTION**

Plaintiff Marc Tessier ("Plaintiff")brings this action pursuant to § 405(g) of the Social Security Act ("the Act") seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disabled widower's insurance benefits ("DWIB"). Specifically, Plaintiff alleges the Commissioner's decision was not based on substantial evidence and based on error's of law, as such the Commissioner erred in not finding Plaintiff entitled to DWIB as provided in Title II of the Act.

The Commissioner moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") on the grounds that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion and cross-moves for judgment on the pleadings, on grounds that Commissioner's decision was erroneous and not supported by substantial evidence in the record.

-1-

The Court finds for the reasons set forth below, that there are legal errors in the ALJ's decision and further development of the evidence is appropriate, the Plaintiff's motion for judgment on the pleadings and remand for further proceedings is granted.

## BACKGROUND

On July 21, 2005, Plaintiff filed an application for DWIB based upon disability. (Transcript of Administrative Record, hereinafter "T." at 32). This application was granted a medical-vocational allowance with a disability onset date of July 1, 2005. However, it was later determined that Plaintiff was not entitled to benefits because his disability onset of July 1, 2005 was outside the relevant period to be eligible for DWIB.[1] (T. at 18A). Plaintiff then filed a timely request for a hearing which was held on March 13, 2008 before ALJ Robert Harvey. Plaintiff appeared with counsel. (T. at 14). In a decision dated April 9, 2008, the ALJ determined that Plaintiff was not entitled to DWIB under the Act. (T. at 17). Plaintiff then requested the Appeals Council review the ALJ decision. The Appeals Council denied Plaintiff's request for review on August 28, 2008 and the ALJ's decision became final.

---

[1] To qualify for DWIB, Plaintiff must establish he was at least fifty, but less than sixty years of age; that he was the widower of a wage earner who died fully insured; that he was not married; and that he was disabled within the meaning of the Act. 42 U.S.C. § 402(f); 20 C.F.R. § 404.335. Plaintiff's eligibility, and period of review, for DWIB is from April 19, 1999, day after wage earner spouse's death, to August 13, 2001, day after Plaintiff remarried.

(T. at 4). Following the denial of review by the Appeals Council, Plaintiff timely filed the instant action.

**DISCUSSION**

**I. Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable

and is supported by substantial evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters</u>, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

However if after a review of the pleadings the Court feels "there are gaps in the administrative record or the ALJ has applied an improper legal standard," <u>Rosa v. Callahan</u>, 168 F.3d 72, 82-83 (2d Cir. 1999) (quoting <u>Pratts v. Chater</u>, 94 F.3d 34, 39 (2d Cir. 1980), a remand to the Commissioner for further development of the evidence under 42 U.S.C. §405(g) is appropriate. Further, "where the existing Record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose, a remand for calculation of benefits is appropriate." <u>White v. Comm'r of Soc. Sec.</u>, 302 F. Supp. 2d 170, 174 (W.D.N.Y. 2004)(citing <u>Martinez v. Commissioner</u>, 262 F. Supp. 2d 40, 49 (W.D.N.Y. 2003)).

## II. There are Gaps in the Administrative Record Requiring Further Administrative Proceedings

### A. The ALJ did not Adequately Develop the Record.

Social Security proceedings are non-adversarial. As such the ALJ has an affirmative duty to develop the record. Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982). This duty requires that the ALJ investigate the facts and develop the arguments both for and against granting benefits. Sims v. Apfel, 530 U.S. 103, 120 S.Ct. 208, 2085, 147 L.Ed.2d 80 (2000). The duty to develop the record exists even when the claimant is represented by counsel." Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). The ALJ is required by the regulations to make "every reasonable effort" to get medical reports from a claimant's sources. 20 C.F.R. § 404.1512(d)(1). "Every reasonable effort" includes making an initial request, and then if needed, one followup request ten to twenty days later if the medical reports had not yet been received. Id.. Further, 20 C.F.R. § 404.1512(e) requires the ALJ to contact a treating source when there is inadequate evidence supporting the ALJ's opinion the claimant is disabled.

It is undisputed that Plaintiff had difficulty obtaining his medical records covering the period from April 19, 1999 through August 13, 2001 for DWIB.[2] However, Plaintiff's counsel states that

---

[2] Plaintiff's treating physician, Dr. Cole-Hoover, treated Plaintiff between 1997 and 2001 (T. at 283). Dr. Cole-Hoover sold

he did everything possible short of "kidnaping" Dr. Cole-Hoover, Plaintiff's treating physician to testify at the ALJ hearing (Plaintiff Brief at 11). Dr. Cole-Hoover offered to testify via telephone at the hearing, yet the ALJ chose not to contact Dr. Cole-Hoover (T. at 267, 285). The ALJ instead opted for Plaintiff's counsel to "summarize what transpired" of his conversation with Dr. Cole-Hoover. (T. at 294).

The ALJ found it sufficient to simply rely upon Plaintiff's counsel's summary of Plaintiff's condition and symptoms during the period of review of April 19, 1999 to August 13, 2001 based upon his conversation with Dr. Cole-Hoover. This does not satisfy the ALJ's responsibility under the Act. The ALJ has an affirmative duty to fully develop the record. While the medical records will probably never be recovered, Dr. Cole-Hoover was available to give testimony based upon her recollection of treating the plaintiff during the relevant period. The ALJ could have fulfilled his obligation under the Act to complete the record by simply accepting Dr. Cole-Hoover's testimony by telephone. (It is worthy to note that the hearing before the ALJ was conducted with the ALJ located in Buffalo and the claimant located in Olean, New York for the convenience of the parties. (T. at 14.))

---

her practice to Dr. Laurie Hill who currently practices in Canada (Id.). Five employees of Dr. Hill searched the warehouse containing medical records for ten hours; Plaintiff's records from Dr. Cole-Hoover could not be found (Id.). Dr. Cole-Hoover does not have Plaintiff's records (Id.).

The record reveals that plaintiff's medical records were likely lost during the sale and transfer of Dr. Cole-Hoover's medical practice to Dr. Hill which is beyond plaintiff's control. However, Dr. Cole-Hoover remained available to write an affidavit for Plaintiff's DWIB application and also agreed to be available telephonically for Plaintiff's ALJ hearing. Clearly, the ALJ should have called Dr. Cole-Hoover for her testimony on Plaintiff's medical records covering the period between April 19, 1999 through August 13, 2001.

**B.   The ALJ Erred in Applying the Treating Physician Rule.**

The Commissioner's regulations provide that the assessment of a treating physician on the nature and severity of a claimant's impairment is entitled to controlling weight if the opinion is well supported by medically acceptable clinical and diagnostic evidence and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). If the ALJ decides that the treating physician's opinion is not entitled to controlling weight, the notice of determination "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). See also Social Security Ruling 96-2p.

Even if a treating physician opinion is not entitled to controlling weight, the opinion is still entitled to deference and

must be weighed using all of the factors provided in 20 C.F.R. § 404.1527. The factors that must be considered are: "(i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opnion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion." Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (citing 20 C.F.R. § 404.1527(d)).

The ALJ, in deciding there was "insufficient medical evidence of record to establish disability," (T. at 17) erred by not contacting Dr. Cole-Hoover and only relying on Dr. Cole-Hoover's statement dated August 24, 2007. (T. at 223-226). Dr. Cole-Hoover's testimony was entitled to consideration pursuant to 20 C.F.R. § 404.1527(d)(5) and likely would have supported Dr. Cole-Hoover's opinion regarding Plaintiff.

The Commissioner argues that Dr. Cole-Hoover's "assessment is not supported by any objective medical evidence of record" and that "it was inconsistent with the State agency physician's finding that plaintiff could perform light work prior to July 1, 2005." (Commissioner Brief at 17). While it is true Dr. Cole-Hoover's assessment is not supported by her own medical evidence in the record, Dr. Cole-Hoover completed a medical sources statement

opining that Plaintiff could not work. (T at 224-226). This medical sources statement is similar to the Physical Residual Functional Capacity Assessment form and Case Analysis that completed by consulting examiners and State agency physicians. (T. 211-15, 217). Consulting examiners (in most cases) will see the claimant once, and State agency physicians will never see the claimant; yet both opinions were given more weight than Dr. Cole-Hoover who frequently treated Plaintiff during 1997 through 2001. (T. at 267, 294-95).

Further, Plaintiff's counsel, in support of his Request for Review to the Appeals Counsel, submitted another affidavit from Dr. Cole-Hoover dated May 20, 2008 which explained how the medical evidence of the record supports her opinion that Plaintiff suffered from a severe impairment and is disabled. (T. at 267-69, 270). While this affidavit is new evidence that relates to a period before the ALJ's decision, the Appeals Council "shall review the entire record including" the new affidavit to be considered in the case. Perez v. Chater, 77 F.3d 41, 44 (2d Cir. 1996), citing 20 C.F.R. § 404.970(b), § 404.1470(b). As such, "new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denie[s] review of the ALJ's decision." *Perez* at 45.

In light of Dr. Cole-Hoover's May 20, 2008 affidavit that relates to the relevant period at issue, and the potential of

testimony from Dr. Cole-Hoover, the Court remands this case to the Commissioner for further development and analysis of the evidence consistent with this opinion.[3]

**CONCLUSION**

For the reasons set forth above, Defendant's motion is denied and the case is remanded to the Commissioner, pursuant to 20 C.F.R. §405(g), for further proceedings including contacting Dr. Cole-Hoover for testimony regarding medical records and treatment of Plaintiff between 1997 and 2001, specifically April 19, 1999, to August 13, 2001, and reconsideration of the treating physician's opinion concerning Plaintiff's disability and RFC.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
January 28, 2010

---

[3] If the ALJ still chooses to not credit Plaintiff's treating physician opinion, the ALJ is required to explain why. Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999).